SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4549 PA (FFMx) | Date | August 5, 2008 |
|---|---|---|---|
| Title | Kimberly Murphy v. P.F. Chang's China Bistro, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is a Notice of Removal filed by P.F. Chang's China Bistro, Inc. ("Defendant"). (Docket No. 1.)  Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

      To establish diversity jurisdiction pursuant to CAFA, the removing party must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  See 28 U.S.C. § 1332(d); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680, 685 (9th Cir. 2006).  These basic jurisdictional requirements must appear on the face of the pleading.  See Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (noting that neither the removal petition nor the record indicated diversity of the parties), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); see also Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc., 461 F. Supp. 2d 768, 775 (S.D. Ill. 2006) (stating that the Seventh Circuit "has cautioned that CAFA is to be interpreted in a manner consistent with pre-CAFA federal law and is presumed not to alter traditional rules governing removal, save to the extent it does so explicitly.") (collecting cases).

SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4549 PA (FFMx) | Date | August 5, 2008 |
|---|---|---|---|
| Title | Kimberly Murphy v. P.F. Chang's China Bistro, Inc. | | |

When a complaint alleges damages of $5,000,000 or less, the defendant must prove to a "legal certainty" that damages actually meet the jurisdictional minimum. <u>Lowdermilk v. U.S. Banking Nat'l Ass'n</u>, 479 F.3d 994, 999–1000 (9th Cir. 2007). In <u>Lowdermilk</u>, the Ninth Circuit considered a case very similar to this one. There, the plaintiff alleged damages of "less than five million dollars." <u>Lowdermilk</u>, 479 F.3d at 998. Here, Plaintiff alleges that "Plaintiff is informed and believes that . . . the aggregate damages (including penalties, attorneys fees and costs) for the CLASS as a whole total no more than $5,000,000."[1] (Compl. ¶ 8.)

Furthermore, both Plaintiff here, and the plaintiff in <u>Loudermilk</u>, filed class action suits alleging underpayment of wages. Both Plaintiff here, and the Plaintiff in <u>Loudermilk</u>, asserted claims for unpaid wages for terminated employees. In an attempt to show that the jurisdictional minimum was met, the defendant in <u>Loudermilk</u> identified the number of employees who were fired within a certain time period, whom the defendant argued would qualify for the class under this claim. <u>Id.</u> at 1000. The defendant then assumed each former employee would be entitled to the maximum statutory damages. <u>Id.</u> at 1000–01. The court rejected this argument because it was not clear that all the employees that defendant counted were hourly employees, as necessary to qualify for the class. <u>Id.</u> at 1001. Furthermore, the court noted that the defendant failed to show that all potential class members would qualify for the statutory maximum damages. <u>Id.</u> The defendant also argued that the amount in controversy exceeded the jurisdictional minimum with respect to the plaintiff's claim involving allegedly improper rounding of hours worked. <u>Id.</u> It did so by assuming the number of people that would qualify for the class, and assuming the amount of money each class member could receive. <u>Id.</u> The court rejected these assumptions as unsupported. <u>Id.</u> at 1001–02. Accordingly, the court held that the defendant had failed to establish the amount in controversy to a legal certainty, and affirmed the order remanding the case. <u>Id.</u> at 1002–03.

Here, Defendant presents arguments very similar to those rejected in <u>Lowdermilk</u>. Defendant argues that the amount in controversy is satisfied under Plaintiff's Labor Code 201, <u>et seq.</u>, claim for wages due at the time an employee is terminated. Defendant identifies the number of California food server employees terminated in the last four years, and multiplies this number by the named Plaintiff's hourly rate, multiplied by six hours per day, multiplied by thirty days, and concludes that there is $6,660,900 in controversy under this claim. (Not. of Removal ¶ 25.) However, Labor Code section 203 provides that, as a penalty for failing to page wages due upon termination, an employee's wages shall

---

[1] Defendant argues that this allegation is the same as Plaintiff failing to allege an amount in controversy because it does not allege a specific amount of damages. (Not. of Removal ¶ 19.) Thus, Defendant argues, it must only meet a "preponderance of the evidence" standard. (<u>Id.</u>) Defendant is wrong. See <u>Lowdermilk</u>, 479 F.3d at 998 (holding that damages allegation of "less than five million dollars" was sufficient to impose a "legal certainty" standard on defendant to show amount in controversy exceeded jurisdictional minimum).

SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–4549 PA (FFMx) | Date | August 5, 2008 |
|---|---|---|---|
| Title | Kimberly Murphy v. P.F. Chang's China Bistro, Inc. | | |

continue until paid, or for a period of up to thirty days.  Cal. Labor Code § 203.  Here, Defendant assumes, but provides no evidence to support, that each former employee (1) would qualify for this class, (2) had the named Plaintiff's hourly rate, (3) worked six hours per day, and (4) would be entitled to the maximum statutory damages of thirty-days' pay.

      Defendant also asserts that the minimum amount in controversy is met under Plaintiff's meal and rest period claim under California Labor Code sections 226.7 and 512(a), and California Wage Order 7.  Defendant identifies the number of California food server employees it employed for each year prior to the filing of the Complaint, going back four years.  (Not. of Removal ¶ 24.)  It then multiplies this number by fifty-two weeks, assuming five-day workweeks, and assuming each of these persons was not provided with a meal or rest period, and concludes that there is $9,266,400 in controversy under this claim.  (Id.)  However, Defendant provides no evidence that all of the employees it used in its calculation worked five-day workweeks, or that they worked enough hours in each day to qualify for meal and rest periods.  Defendant also provides no evidence that all of these employees worked fifty-two weeks per year.  Defendant's arguments are insufficient to establish the amount in controversy to a legal certainty.  See Lowdermilk, 479 F.3d at 1001.

      Because neither the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC392061, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  Defendant's Motion to Dismiss (Docket No. 8) is denied as moot.

      IT IS SO ORDERED.